979 F.2d 850
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BREWERS AND DISTRIBUTORS RETIREMENT PLAN AND TRUST, Plaintiff-Appellee,
v.
Rick METZOIAN, Personal Representative of the Estate of
Cynthia D. Youngblood; Mary Dubkowski, Personal
Representative for the Estate of Gary
Youngblood; Defendants-Appellees,
David Alan Youngblood, Defendant-Appellant.
 No. 92-1041.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and ROSENN, Senior Circuit Judge.*
 
 ORDER
 
 1
 David Alan Youngblood appeals the district court's order dismissing his case. The appellees have notified the court that they will not file a brief. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, the parties have waived oral argument in this case.
 
 
 2
 Gary Youngblood was a vested participant in the Detroit Brewers & Distributors Retirement Plan. In accordance with the Plan's terms, Gary Youngblood changed his beneficiary designation from his wife, Cynthia Youngblood, to his brother, appellant David Youngblood. Five months later, Gary Youngblood murdered his wife and then committed suicide. A Michigan probate court invalidated the beneficiary change and ordered the Plan to divide Gary Youngblood's benefit proceeds between the estates of Gary and Cynthia.
 
 
 3
 The Plan then filed an interpleader action, claiming that the district court had jurisdiction based on § 301(a) of the Labor Management Relations Act of 1947, as amended, and § 502 of the Employment Retirement Income Securities Act, as amended. The district court denied David Youngblood's motion for summary judgment and dismissed the Plan's interpleader complaint. The district court decided that the state court had jurisdiction to determine the property rights and interests in this case. See Mich.Comp.Laws Ann. § 700.22(1)(a)(d). The court held that the state court had concurrent jurisdiction over any ERISA issue. 29 U.S.C. § 1132(e)(1). The court further decided that the instant interpleader action failed to meet the prerequisites for commencing such an action. See generally Fed.R.Civ.P. 22. On appeal, David Youngblood argues that the district court erred in dismissing the complaint.
 
 
 4
 Upon consideration, we affirm the district court's order for the reasons stated in its bench opinion of November 25, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Max Rosenn, Senior Circuit Judge, U.S. Court of Appeals for the Third Circuit, sitting by designation